David B. Cetron [DC0919]
LAW OFFICE OF DAVID B. CETRON, P.C.
49 West 37th Street, 7th Floor
New York, New York 10018
212-616-3833

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------------X          <u>17</u> **CV** <u>804</u>
NICHOLAS PAUL,

                                        Plaintiff,                    **COMPLAINT**

                    - against -                                        **PLAINTIFF**
                                                                      **DEMANDS A**
CITY OF NEW YORK, and POLICE OFFICER ROBINSON          **TRIAL BY JURY**
MARTINEZ SHIELD 27247,                                                **ECF CASE**

                                        Defendants.
------------------------------------------------------------------------------------X

### PARTIES, JURISDICTION and VENUE

1.      Plaintiff, NICHOLAS PAUL, is a 24 year old male, who, at all times relevant to this action, was a resident of Kings County, New York.

2.      Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County.   Defendant NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.      Upon information and belief, Defendant POLICE OFFICER ROBINSON MARTINEZ, SHIELD 27247, ("DEFENDANT MARTINEZ") was at all relevant times an officer with the NYPD assigned to the Patrol Borough Manhattan South, Street Crime Unit located in New York County.  All actions by DEFENDANT MARTINEZ complained of herein were taken in the course of his employment and under color of law. DEFENDANT MARTINEZ is being sued in both his individual and official capacities.

4.     Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

5.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

6.     A Notice of Claim was timely served upon Defendant NYC on August 9, 2016, within ninety days of June 2, 2016, the statutory date of accrual for the State claims herein.

7.     The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

**FACTS GIVING RISE TO THE CLAIMS**

8.     On June 2, 2016, at approximately 3:45 p.m., inside a parking garage located at 25 West 55th Street, New York, N.Y., Mr. PAUL was stopped, searched and arrested by DEFENDANT MARTINEZ.

9.     At the time of his arrest, DEFENDANT MARTINEZ, with the assistance of another New York City Police Officer, conducted an investigation and evaluation of the items in Mr. PAUL's possession which revealed that Mr. PAUL had committed no crime.

10.     At that time, a search of Mr. PAUL's person and his vehicle was conducted by Defendant MARTINEZ and Defendant MARTINEZ took possession of certain property from Mr. PAUL's person and his vehicle, to wit: a Nike gift card valued at approximately $380, receipts for the gift card and other items returned to Nike Town, 6 East 57th Street, New York, New York 10022 , bank records, a sum of U.S. currency, an Apple laptop computer, an Apple iPhone and a 2016 Toyota Corolla owned by Enterprise Rent a Car and lawfully rented by Mr. PAUL.

11.     In violation of the procedures of the New York City Police Department,

2

DEFENDANT MARTINEZ did not voucher the vehicle, receipts, bank records or gift card and though possession was taken by DEFENDANT MARTINEZ, the receipts, bank records and gift card have never been returned to Mr. PAUL.

12.     On June 3, 2016, Mr. PAUL was arraigned in the Criminal Court of the City of New York, New York County, under docket # 2016NY034498 at which time he learned that he had been charged with three counts of Criminal Possession of a Forged Instrument in the Second Degree, a Class "D" Felony, based upon the sworn statement of Police Officer Martinez that Officer Martinez "observed [Mr. PAUL] to be in possession of three (3) forged credit cards."

13.     Mr. PAUL was released on his own recognizance and directed to appear in New York County Criminal Court, Part F on August 8, 2016.

14.     Mr. PAUL was compelled to retain counsel to represent him, took part in a meeting with New York County District Attorney personnel and appeared in court on August 8, 2016.

15.     On August 8, 2016, Mr. PAUL appeared in New York County Criminal Court, Part F at which time, upon the motion of the New York County District Attorney's Office, all criminal charges were dismissed and the case sealed.

16.     Mr. PAUL had never been in possession of any forged credit cards nor had he committed any crime whatsoever.

17.     DEFENDANT MARTINEZ knowingly swore falsely to the allegations contained in the criminal court complaint in that, on or about the same time and place described in paragraph 8 above, DEFENDANT MARTINEZ arrested Stephen Emeli and swore in a separate criminal court complaint that Stephen Emeli had been observed to

have used forged credit cards to make purchases at the Nike store located at 6 East 57th Street and that DEFENDANT MARTINEZ "observed [Stephen Emeli] to be in possession of" the same "three (3) credit cards" that DEFENDANT MARTINEZ swore that Mr. PAUL possessed.

18.     In fact, DEFENDANT MARTINEZ recovered the three credit cards described above from the person of Stephen Emeli, who subsequently pled guilty to charges related to the use and possession of these forged credit cards.

19.     Moreover, in addition to the aforementioned described damages, Mr. PAUL was forced to expend substantial time and expense to locate the above referenced vehicle which was not vouchered or secured by DEFENDANT MARTINEZ and to obtain possession of his Apple computer which DEFENDANT MARITINEZ refused to release to Mr. Paul until approximately December of 2016, 4 months after all charges were dismissed.

## FIRST CLAIM
### (§1983 - FALSE ARREST)

20.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 19 of the Complaint as if incorporated and reiterated herein.

21.     By falsely accusing Plaintiff without legal authority and falsely swearing in support of these allegations, DEFENDANT MARTINEZ, caused the arrest of Plaintiff and violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution

22.     By arresting Plaintiff without legal authority, DEFENDANT MARTINEZ

violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

23.     By reason thereof, DEFENDANT MARTINEZ, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**SECOND CLAIM**
(COMMON LAW - FALSE ARREST)

24.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 23 of the Complaint as if incorporated and reiterated herein.

25.     By falsely accusing Plaintiff without legal authority and falsely swearing in support of these allegations, DEFENDANT MARTINEZ caused the arrest and unlawful detention of Plaintiff.

26.     By arresting Plaintiff without basis or legal authority, Plaintiff was unlawfully detained and arrested without probable cause by DEFENDANT MARTINEZ.

27.     By reason thereof, DEFENDANT MARTINEZ caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

28.     By reason thereof, and because DEFENDANT MARTINEZ acted within the scope of his duties as a member of the NYPD, DEFENDANT NYC is also liable under this claim based on a theory of *respondeat superior*.

**THIRD CLAIM**
(§1983 - MALICIOUS PROSECUTION)

29.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every

allegation of paragraphs 1 through 28 of the Complaint as if incorporated and reiterated herein.

30.     By initiating and pursuing criminal charges where there was no basis for such charge, DEFENDANT MARTINEZ, engaged in a malicious prosecution of the Plaintiff.

31.     By reason thereof, DEFENDANT MARTINEZ, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**FOURTH CLAIM**
(COMMON LAW - MALICIOUS PROSECUTION)

32.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 31 of the Complaint as if incorporated and reiterated herein.

33.     By initiating and pursuing criminal charges where there was no basis for such charges, DEFENDANT MARTINEZ, engaged in a malicious prosecution of the Plaintiff.

34.     By reason thereof, DEFENDANT MARTINEZ caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

35.     By reason thereof, and because DEFENDANT MARTINEZ, acted within the scope of his duties as a member of the NYPD, DEFENDANT NYC is also liable under this claim based on a theory of *respondeat superior*.

**FIFTH CLAIM**
(§1983 - CONVERSION)

6

36.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 35 of the Complaint as if incorporated and reiterated herein.

37.     During and attendant to the false arrest of Mr. PAUL, DEFENDANT MARTINEZ, took from Mr. Paul's person and vehicle certain property of value, to wit: a Nike store gift card valued at approximately $380, receipts for items returned to the Nike store and bank records.

38.     DEFENDANT MARTINEZ did not voucher these items, otherwise store these items for safekeeping or deliver said items to an authorized individual.  These items were not returned to Mr. PAUL and their whereabouts are unknown.

39.     By engaging in this conduct, DEFENDANT MARTINEZ, converted said items in violation of Plaintiff's rights.

40.     By reason thereof, DEFENDANT MARTINEZ, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**SIXTH CLAIM**
(COMMON LAW – CONVERSION)

41.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 40 of the Complaint as if incorporated and reiterated herein.

42.     During and attendant to the false arrest of Mr. PAUL, DEFENDANT MARTINEZ, took from Mr. Paul's person and vehicle certain property of value, to wit: a Nike store gift card valued at approximately $380, receipts for items returned to the Nike

store and bank records.

43.     DEFENDANT MARTINEZ did not voucher these items, otherwise store these items for safekeeping or deliver said items to an authorized individual.  .  These items were not returned to Mr. PAUL and their whereabouts are unknown.

44.     By engaging in this conduct, DEFENDANT MARTINEZ, converted said items in violation of Plaintiff's rights.

45.     By reason thereof, DEFENDANT MARTINEZ caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

46.     By reason thereof, and because DEFENDANT MARTINEZ, acted within the scope of his duties as a member of the NYPD, DEFENDANT NYC is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)     On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)    On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)     On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)      On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi)     On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii)    Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and,

viii)   Such other relief as the Court deems just and proper.


Dated: New York, New York
       February 2, 2017

                                LAW OFFICE OF DAVID B. CETRON, P.C.
                                Attorneys for Plaintiff

                    By:         _____
                                David B. Cetron [DC0919]
                                49 West 37th Street, 7th Floor
                                New York, New York 10018
                                (212) 616-3833

9